**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | No. CV 09-1312-PHX-MHM |
| Mortgages Ltd., an Arizona Corporation, | ) ) ) | **ORDER** |
| Debtor, | ) ) | |
| PDG Los Arcos, LLC, an Arizona limited liability company, et al. | ) ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | |
| Robert M. Adams, et al. | ) ) | |
| Appellees. | ) ) | |

Currently pending before the Court are ML Manager, LLC's and the Investors' ("Appellees") Motions for Attorneys' Fees pursuant to A.R.S. § 12-341.01. (Dkt. ##37, 39). ML Manager, LLC seeks $25,096.50 in attorneys' fees and $737.51 in costs incurred in the appeal in this Court. (Dkt. #37). The Investors seek $31,925.00 in attorneys' fees incurred in the same proceedings. (Dkt. #39). Appellants PDG Los Arcos, LLC and National Retail Development Partners, LLC ("Appellants") filed a response, asserting that their claims did in fact have merit, that an award of fees would cause them hardship, and that the fees requested by Appellees are unreasonable. (Dkt. #42). After reviewing the motions and pertinent case law, the Court enters the following order.

1  **I.    BACKGROUND**

2       This litigation involved Appellees' alleged breach of a loan agreement and more

3  specifically, the Investors' alleged failure to fund certain loan obligations. (Dkt. #35).

4  Appellants asserted "Breach of Contract" and "Breach of the Covenant of Good Faith and

5  Fair Dealing" claims, arguing the Investors had assumed an obligation to fund loans to

6  Appellants. (<u>Id.</u>).

7       The matter was removed from the Maricopa County Superior Court to the United

8  States Bankruptcy Court for the District of Arizona (Judge Randolph J. Haines). (<u>Id.</u>). On

9  May 19, 2009, the Bankruptcy Court granted Appellees' motions to dismiss Appellant's

10 claims. (<u>Id.</u>). The Bankruptcy Court also awarded Appellees attorneys' fees. (Dkt. #37).

11 Appellants then appealed the Bankruptcy Court's rulings to this Court. (Dkt. #35). On

12 March 31, 2010, this Court denied Appellant's appeal of the dismissals. (<u>Id.</u>).

13 **II.   MOTIONS FOR ATTORNEYS' FEES**

14      ML Manager, LLC seeks $25,096.50 in attorneys' fees and $737.51 in costs

15 incurred in the appeal in this Court. (Dkt. #37). The Investors seek $31,925.00 in

16 attorneys' fees incurred in the same proceedings. (Dkt. #39).

17      First, Arizona law permits this Court to award Appellees attorneys' fees. A.R.S. §

18 12-341.01 provides that, "[i]n any contested action arising out of contract, express or

19 implied, the Court may award the successful party reasonable attorneys' fees."

20 Furthermore, Arizona law provides that a party is entitled to attorneys' fees under A.R.S. §

21 12-341.01 if judgment in its favor is based upon the absence of the contact sued upon by

22 the adverse party. <u>Colberg v. Rellinger</u>, 770 P.2d 346, 354 (Ariz. Ct. App. 1988); <u>Lacer v.</u>

23 <u>Navajo Co.</u>, 687 P.2d 400, 402 (Ariz. Ct. App. 1984).

24      Here, none of the parties dispute that the action arises out of contract. (Dkt. ##37,

25 39, 42). Furthermore, Appellants sued Appellees claiming that they assumed a contractual

26 obligation to fund the loans to Appellants. (Dkt. #35). Appellants failed to prevail on

27 their claims both in Bankruptcy Court and on appeal in this Court. (<u>Id.</u>). Both of these

28

approaches demonstrate that Appellees have a basis to recover attorneys' fees under A.R.S. § 12-341.01.

Given that Appellees have a basis to recover attorneys' fees under Arizona law, the Court next looks to several factors in determining whether to award fees, including: (1) the merits of the claim or defense presented by the unsuccessful party; (2) whether the litigation could have been avoided or settled and whether the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; and (4) whether the successful party prevailed with respect to all of the relief sought. See Associated Indem. Corp. v . Warner, 694 P.2d 1181, 1184 (Ariz. 1985). Additionally, when evaluating claims for attorneys' fees, trial courts should consider whether an award of attorneys' fees would discourage other persons from pursuing tenable claims or defenses out of fear of incurring substantial liability for attorneys' fees. Id. Finally, a successful party is only entitled to "reasonable" fees, which could have been undertaken by a "reasonable and prudent lawyer to advance or protect his client's interest." Schweiger v. China Doll Rest., Inc., 673 P.2d 927, 932 (Ariz. Ct. App. 1983). In reviewing the reasonableness of the fees, the court may consider: (1) the qualities of the advocate; (2) the character of the work to be done; (3) the work actually performed and the skill, time, and attention given to the work; and (4) the result. Id. at 187.

First, Appellant's "Breach of Contract" and "Breach of the Covenant of Good Faith and Fair Dealing" claims have little merit, as they were dismissed by both the Bankruptcy Court and by this Court on appeal. (Dkt. #35). Relying on Grant v. Harner, 239 P. 296 (Ariz. 1925), Appellants claim that Arizona law is unsettled on the issue of contractual duties being delegated to assignees. (Dkt. #42). However, this reference merely shows that Appellants made their arguments in good faith, not that their arguments have substantive merit. In a previous order, this Court made clear that, while Grant is controlling precedent in Arizona, the instant case, like Grant, shows that there was no

express assumption of duties and therefore Appellees cannot be held liable for Mortgages Ltd.'s funding obligations. (Dkt. #35).

Secondly, the actions taken by Appellees were necessary to defend themselves from Appellant's lawsuit in Bankruptcy Court and subsequent appeal in this Court. Appellees were given no option to avoid litigation, and surely would have elected to do so if given the choice. Appellees' investments were already jeopardized by the bankruptcy of Mortgages Ltd., and defending themselves from Appellants' lawsuit was their only option to prevent further loss of capital.

Third, there is no evidence that awarding Appellees attorneys' fees would create an extreme hardship for Appellants. Appellants claim that their only assets are "unfinished projects" that yield "no income," and therefore awarding attorneys' fees would create a "hardship." (Dkt. #42, p. 4). However, Appellants have not presented any itemized lists or specific claims of the dollar amounts of these hardships, nor any explanation as to why they have sufficient resources to appeal their own case, but not enough resources to pay for Appellees' attorneys' fees.

Fourth, Appellees were successful in their motions to dismiss Appellant's claims, both at the Bankruptcy Court as well as at this Court on appeal. (Dkt. #35).

Fifth, an award of attorneys' fees to Appellees would not deter future litigants who were asserting "tenable" and *bona fide* claims or defenses. Conversely, an award of attorneys' fees simply demonstrates that a plaintiff cannot assert meritless contract claims and then expect to be immune from paying opposing counsel's attorneys' fees.

Finally, Appellants claim that portions of Appellees attorneys' fees are "unreasonable" and "duplicative" and therefore should not be awarded. (Dkt. #42, p. 4-5). Appellants contend that Appellees' counsels' work is duplicative because the Investors and ML Manager, LLC filed separate response briefs that "treaded a lot of the same ground." (Id. at 4). Clearly ML Manager, LLC and the Investors, who are represented by separate counsel, would be obligated to file separate briefs, albeit responding to the same

claims by Appellants.  Furthermore, the Investors, who are comprised of approximately 100 individuals, are all represented by the same counsel.  If each investor had retained its own counsel, then the work may have been duplicative.  However, as it stands, the consolidation of parties and counsel made for efficient, non-duplicative work.  Appellants further allege that Appellees' attorneys' fees are unreasonable because a paralegal performed approximately seven hours of research on the standard of review and the local rules of procedure.  (<u>Id.</u> at 5).  However, the research uncovered Appellant's violations of the local rules.  Appellant's Opening Brief contained approximately 1,200 more words than permitted by making numerous formatting alterations, such as changing the font size and spacing requirements.  (<u>See</u> Dkt. #24).  Furthermore, this research was completed by a paralegal, the least expensive member of a firm's office staff, when it could have been completed by a staff attorney, whose hourly billing rate would be three times that of a paralegal.  Hence, based on the <u>Schweiger</u> factors and the evaluation above, the Court finds that a reasonable and prudent lawyer would undertake such research to advance Appellees' interests, and therefore the fees are reasonable.

**Accordingly,**

**IT IS HEREBY ORDERED** granting ML Manager, LLC $25,096.50 in attorneys' fees and $737.51 in costs incurred in the appeal in this Court.  (Dkt. #37).

**IT IS FURTHER ORDERED** granting the Investors $31,925.00 in attorneys' fees.  (Dkt. #39)

DATED this 25th day of June, 2010.

_____
Mary H. Murguia
United States District Judge